## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| **RICHARD CRAWFORD AND** | ) | |
| **RACHAEL CRAWFORD** individually | ) | |
| and on behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | Civ. Case No.: |
| | ) | |
| v. | ) | CLASS AND COLLECTIVE ACTION |
| | ) | COMPLAINT |
| **GALLATIN COUNTY, KENTUCKY** | ) | |
| | ) | |
| Serve: Ken McFarland | ) | JURY TRIAL DEMANDED |
| County Judge Executive | ) | |
| Gallatin County Courthouse | ) | |
| 200 Washington Street | ) | |
| Warsaw, Kentucky 41095 | ) | |
| | ) | |
| Defendant. | ) | |

## CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY TRIAL DEMAND

Plaintiffs, RICHARD CRAWFORD ("Plaintiff Richard Crawford" or "Plaintiffs") and RACHAEL CRAWFORD ("Plaintiff Rachael Crawford" or "Plaintiffs"), by and through the undersigned attorneys, brings this Complaint against Defendant, GALLATIN COUNTY, KENTUCKY ("Defendant" or "Gallatin County"), individually and on behalf of all similarly situated individuals and states as follows:

## INTRODUCTION

1.      This is a class and collective action brought by Plaintiffs on their own behalf and on behalf of all similarly situated current and/or former Gallatin County Emergency Medical Service ("EMS") employees of Defendant to recover for Defendant's willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, Kentucky Wages and Hours Act ("KWHA"), KY. Rev. Stat. Ann. §§ 337, *et seq.*, and other appropriate rules, regulations, statutes,

and ordinances.

2.      Defendant, Gallatin County, Kentucky, is now and was at all times relevant, a county government within the Commonwealth of Kentucky.  Defendant does business as Gallatin County EMS and has operative control over all policies and procedures regarding the payment of wages to the Gallatin County EMS employees.[1]  Defendant, through its EMS employees, provides prompt and professional transportation of sick and injured individuals.

3.      Defendant employed Plaintiffs and other similarly situated current and/or former Emergency Medical Technicians ("EMTs") to work full-time, scheduling Plaintiffs and other similarly situated for forty (40) hours, or more, per week.  Plaintiffs and those similarly situated were compensated for "day shift" hours – hours beginning at 6:00 AM through 5:59 PM – at various hourly rates above the state and federal minimum wages.  In workweeks in which Plaintiffs and other similarly situated worked "day shift" hours in excess of forty (40), Plaintiffs and those similarly situated were compensated for "day shift" hours worked – hours beginning at 6:00 AM through 5:59 PM – at the overtime premium rate of one and a half times their regular rate of pay.

4.      However, Plaintiffs and those similarly situated were subject to Defendants' policy and practice of employing them to work "night shift" – hours beginning at 6:00 PM through 5:59 AM – at an hourly rate of far below the minimum wage.  Further, in workweeks in which Plaintiffs and other similarly situated worked hours totaling forty (40) hours or more, Plaintiffs and other similarly situated would not be compensated at the overtime premium rate of one and a half times their regular rate of pay for any hours worked during the "night shift" – hours beginning at 6:00 PM through 5:59 AM.

---

[1]      http://gallatincounty.ky.gov/dna/ (last visited September 1, 2016).  *See e.g.* Gallatin County Fiscal Court April 14, 2016 Minutes, attached hereto as Exhibit A (stating, "Judge McFarland presented the new EMS Attendance and Overtime Policy").

5.     The U.S. Department of Labor specifically recognizes that "[s]tate and local government employers" are required to "pay all covered nonexempt employees, *for all hours worked*, at least the Federal minimum wage . . . [and] pay at least one and on-half times the employees' regular rates of pay *for all hours* worked over 40 in the workweek".  *See* DOL Fact Sheet #7, at 1, attached hereto at Exhibit B (emphasis added).

6.     Plaintiffs bring this action on behalf of themselves, and all other similarly situated hourly Gallatin County EMS employees of Defendant, to recover unpaid wages and overtime, liquidated damages, penalties, fees and costs, pre- and post-judgment interest, and any other remedies to which they may be entitled.

## JURISDICTION AND VENUE

7.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. §§ 201, *et seq*.

8.     This Court also has subject-matter jurisdiction over Plaintiff's Collective Action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

9.     Defendant, Gallatin County, Kentucky, is now and was at all time relevant, a county government within the Commonwealth of Kentucky, so the FLSA applies to this case on an enterprise basis.

10.     This Court has personal jurisdiction over Defendant because it is located within the Commonwealth of Kentucky and is a political subdivision of the Commonwealth of Kentucky.

11.     This Court has supplemental jurisdiction over the Kentucky state law wage and hour class pursuant to 28 U.S.C. § 1367 because all Kentucky state law wage and hour claims are

so related to the federal claims that "they form part of the same case or controversy" such that they should be adjudicated in one judicial proceeding.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant employ personnel in this District, and a substantial portion of the actions and omissions giving rise to the claims pled in this Complaint substantially occurred in this District.

## PARTIES

13.     Plaintiff, RICHARD CRAWFORD, is an individual who resides in the County of Gallatin, City of Warsaw, Kentucky.  Plaintiff Richard Crawford was employed by Defendant as an hourly Emergency Medical Technician ("EMTs") from approximately December 2012 to August 2015.  His hourly rate was $11.79 for work performed during "day shift" hours – hours beginning at 6:00 AM through 5:59 PM.  His hourly rate was $4.50 for work performed during "night shift" hours – hours beginning at 6:00 PM through 5:59 AM.

14.     Plaintiff, RACHAEL CRAWFORD, is an individual who resides in the County of Gallatin, City of Warsaw, Kentucky.  Plaintiff Rachael Crawford was employed by Defendant as an hourly Emergency Medical Technician ("EMTs") from approximately February 2013 to August 2015.  Her hourly rate was $11.88 for work performed during "day shift" hours – hours beginning at 6:00 AM through 5:59 PM.  Her hourly rate was $4.50 for work performed during "night shift" hours – hours beginning at 6:00 PM through 5:59 AM.

15.     Plaintiffs brings this action on behalf of themselves and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b), and their Consent to Sues are attached hereto as Exhibit C.

16.     Defendant, Gallatin County, Kentucky, is now and was at all time relevant, a county government within the Commonwealth of Kentucky.  Defendant does business as Gallatin County

EMS and has operative control over all policies and procedures regarding the payment of wages to the Gallatin County EMS employees.[2]   Defendant, through its EMS employees, provides prompt and professional transportation of sick and injured individuals.

17.     Defendant can be served through its County Judge Executive, Ken McFarland, at the Gallatin County Courthouse, located at 200 Washington Street, Warsaw, Kentucky 41095.

## GENERAL ALLEGATIONS

18.     Plaintiff Richard Crawford was employed by Defendant as an hourly Emergency Medical Technician ("EMTs") from approximately December 2012 to August 2015.  His hourly rate was $11.79 for work performed during "day shift" hours – hours beginning at 6:00 AM through 5:59 PM.  His hourly rate was $4.50 for work performed during "night shift" hours – hours beginning at 6:00 PM through 5:59 AM.  *See, e.g.,* Plaintiff Richard Crawford's paystubs for the pay period 10/27/2014 through 11/02/2014, 01/05/2015 through 01/11/2015, and 07/13/2015 through 07/19/2015, attached hereto as Exhibit D (noting "SQUAD1" as "day shift" hours and "STIPSTANDBY" as "night shift" hours).

19.     Plaintiff Rachael Crawford was employed by Defendant as an hourly Emergency Medical Technician ("EMTs") from approximately February 2013 to August 2015.  Her hourly rate was $11.88 for work performed during "day shift" hours – hours beginning at 6:00 AM through 5:59 PM.  Her hourly rate was $4.50 for work performed during "night shift" hours – hours beginning at 6:00 PM through 5:59 AM.  *See, e.g.,* Plaintiff Rachael Crawford's paystubs for the pay period 05/25/2015 through 05/31/2015 and 07/20/2015 through 07/26/2015, attached hereto as Exhibit D (noting "SQUAD1" as "day shift" hours and "STIPSTANDBY" as "night shift" hours).

---

[2]      http://gallatincounty.ky.gov/dna/ (last visited September 1, 2016).  *See e.g.* Gallatin County Fiscal Court April 14, 2016 Minutes, attached hereto as Exhibit A (stating, "Judge McFarland presented the new EMS Attendance and Overtime Policy").

20.     Plaintiffs' primary job duties as EMTs included, but was not limited to, responding to 911 calls and providing prompt and professional transportation of sick and injured individuals. These job duties remained the same whether performing work for Defendant during "day shift" hours or "night shift" hours.

21.     Plaintiffs and other similarly situated EMTs were not required to remain on Defendant's premises during "day shift" hours or "night shift" hours, however, Plaintiffs and other similarly situated EMTs were required to be within close proximity to Defendant's premise at all times during their scheduled shifts.  Plaintiffs and other similarly situated EMTs had to respond to any calls that came in for them during their shifts by arriving at Defendant's premises within two (2) minutes of the call.  If Plaintiffs and other similarly situated EMTs did not arrive to Defendant's premises within two (2) minutes, Defendant's EMTs were subject to disciplinary action, including termination.  This requirement limited Plaintiffs and other similarly situated EMTs ability to effectively choose how to use their time while on shift.

22.     The U.S. Department of Labor specifically recognizes that employees who are "engaged to wait" are "working" – for instance, "a fireman who plays checkers while waiting for an alarm is working during such periods of inactivity".  *See* DOL Fact Sheet #22, at 1, attached hereto at Exhibit E.  Further, an employee who is required to remain "on call" but who doesn't have to stay on the employer's premises is "working" if "[a]dditional constraints on the employee's freedom" occurs.  *Id*.

23.     Similarly, the Kentucky Administrative Regulations provides that an employee who is "engaged to wait" is "on duty" because even though the "employee is allowed to leave the premises . . . during their period of inactivity . . . the employee is unable to use the time effectively for his own purpose.  It belongs to and is controlled by the employer."  803 KY. Admin. Regs.

1:065 § 3(2) (2010).  Further, the regulation states that an employee who is "required to remain on call on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes is working while on call."  *Id*. 1:065 § 3(4) (2010).

24.     Throughout Plaintiffs employment with Defendant, Plaintiffs both regularly worked in excess of worked forty (40) hours per week.  *See, e.g.,* Plaintiff Richard Crawford and Plaintiff Rachael Crawford's paystubs at Exhibit D (noting (1) 55 total hours worked by Plaintiff Richard Crawford during the workweek of 10/27/2014 through 11/02/2014; (2) 57.5 total hours worked by Plaintiff Richard Crawford during the workweek of 01/05/2015 through 01/11/2015; (3) 47 total hours worked by Plaintiff Richard Crawford during the workweek of 07/13/2015 through 07/19/2015; (4) 64 total hours worked by Plaintiff Rachael Crawford during the workweek of 05/25/2015 through 05/31/2015; and (5) 61 total hours worked by Plaintiff Rachael Crawford during the workweek of 07/20/2015 through 07/26/2015).

25.     At all times relevant to this Complaint, Defendant suffered or permitted Plaintiffs and other similarly situated former and/or current EMT employees to routinely perform compensable work during "night shift" hours – hours beginning at 6:00 PM through 5:59 AM – but did not pay at an hourly rate at or exceeding the Federal minimum wage.  *See e.g.* Exhibit D (noting "STIPSTANDBY" hours paid at $4.50 per hour for both Plaintiff Richard Crawford and Plaintiff Rachael Crawford).

26.     Defendant willfully engaged in the policy and practice of paying Plaintiff and other similarly situated former and/or current EMT employees' under the Federal and Kentucky minimum wage.

27.     Defendants knew or should have known that, under the FLSA, Plaintiffs should have been paid wages at not less than $7.25 an hour.  29 U.S.C. § 206(a)(1).

28.    Defendants knew or should have known that, under the KWHA, Plaintiffs should have been paid wages at not less than $7.25 an hour.  KY. Rev. Stat. Ann. § 337.275(1).

29.    Despite this, Defendant did not compensate their employees at a rate of at least minimum wage for work performed during the hours beginning at 6:00 PM through 5:59 AM.

30.    Defendant knew or should have known that, under the FLSA, Plaintiffs should have been paid overtime "at a rate not less than one and one-half times the regular rate" at which they were employed *for all compensable time* for workweeks in excess of forty (40) hours.  29 U.S.C. § 207(a)(1).

31.    Defendant knew or should have known that, under the KWHA, Plaintiffs should have been paid "at a rate of not less than one and one-half (1-1/2) times the hourly wage rate" at which they were employed *for all compensable time* for workweeks in excess of forty (40) hours. KY. Rev. Stat. Ann. § 337.285(1).

32.    Despite this, Defendant did not pay overtime at one and one-half times the regular rate for all of Plaintiffs compensable time in excess of forty (40) hours.  *See e.g.* Exhibit D (noting (1) 55 total hours worked by Plaintiff Richard Crawford during the workweek of 10/27/2014 through 11/02/2014, but only 4 hours paid at the premium overtime rate and 11 hours in excess of 40 not paid at the premium overtime rate; (2) 57.5 total hours worked by Plaintiff Richard Crawford during the workweek of 01/05/2015 through 01/11/2015, but only 6.5 hours paid at the premium overtime rate and 11 hours in excess of 40 not paid at the premium overtime rate; (3) 47 total hours worked by Plaintiff Richard Crawford during the workweek of 07/13/2015 through 07/19/2015, but zero hours paid at the premium overtime rate and 7 hours in excess of 40 not paid at the premium overtime rate; (4) 64 total hours worked by Plaintiff Rachael Crawford during the workweek of 05/25/2015 through 05/31/2015, but only 5 hours paid at the premium overtime rate

and 11 hours in excess of 40 not paid at the premium overtime rate; and (5) 61 total hours worked by Plaintiff Rachael Crawford during the workweek of 07/20/2015 through 07/26/2015, but only 3 hours paid at the premium overtime rate and 18 hours in excess of 40 not paid at the premium overtime rate).

33.      In reckless disregard and willful violation of the FLSA and the KWHA, Defendant adopted and then adhered to its policy and plan of employing Plaintiffs to perform compensable work at a rate below the federally mandated minimum wage for work performed during the hours beginning at 6:00 PM through 5:59 AM.  Further, Defendant adopted and then adhered to its policy and plan of employing Plaintiffs to perform compensable work in excess of forty (40) hours per workweek, but not paying them at the premium overtime rate for all time worked over forty (40). These policies resulted in Plaintiffs and other similarly situated former and/or current EMTs being paid under the minimum wage for some hours and also, not being paid at the premium overtime rate for all compensable hours over forty (40) in violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

34.      Plaintiffs brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA individually and on behalf of:

> All current and former Emergency Medical Technicians and/or other job titles performing similar job duties employed by Defendant Gallatin County, Kentucky at any time during the three years prior to filing this complaint until completion of the lawsuit, who were not paid at a rate at or exceeding the minimum wage for all hours worked and/or who worked over 40 hours per week, and were not paid overtime at the premium rate for all hours worked over 40 in a workweek.

Plaintiffs reserve the right to amend the putative class definition as necessary.

35.      Plaintiffs do not bring this action on behalf of any employees exempt from coverage under the FLSA pursuant to the executive, administrative, or professional exemptions, or for those

employees who were paid at the proper legal rate for each hour worked.

36.    *29 U.S.C. § 216(b) Conditional Certification "Similarly Situated" Standard*:  With respect to the claims set forth in the FLSA action, conditional certification under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b).  The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan (namely, Defendant's policies of not paying their employees an hourly rate at or exceeding minimum wage for each hour worked and/or not paying their employees who work over forty (40) hours per week overtime at the premium rate for all hours over forty (40) worked in said workweek; (c) their claims are based upon the same factual and legal theories; and (d) the employment relationship between Defendant and every putative Class member is exactly the same and differs only by name, location, and rate of pay.

37.    Upon information and belief, there are numerous other similarly situated current and/or former Emergency Medical Technicians ("EMTs") or other job titles performing similar job duties who were not paid an hourly rate at or exceeding minimum wage for each hour worked and/or were not paid overtime at the premium rate for all hours worked over forty (40) in a workweek and would benefit from the issuance of a court-supervised notice of this action and the opportunity to join it.  The precise number of collective Class members should be readily available from a review of Defendant's personnel, scheduling, time and payroll records, and from input received from the collective class members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

38.    Plaintiffs share the same interests as the putative conditional class and will be

entitled to unpaid overtime compensation, interest, attorneys' fees and costs owed under the FLSA.

## CLASS ACTION ALLEGATIONS

39.     Plaintiff brings the action pursuant to Federal Rule of Civil Procedure 23(b)(3) and

(c)(4) on behalf of a putative Class defined to include:

> All current and former Emergency Medical Technicians or other job
> titles performing similar job duties employed by Defendant Gallatin
> County, Kentucky at any time during the five years prior to filing
> this complaint until completion of the lawsuit, who were not paid at
> a rate at or exceeding the minimum wage for all hours worked and/or
> who worked over 40 hours per week, and were not paid overtime at
> the premium rate for all hours worked over 40 in a workweek.

Plaintiffs reserve the right to amend the putative class definition as necessary.

40.     *Numerosity:*  The members of the Kentucky Class are so numerous that joinder of

all members in the case would be impracticable, and the disposition of their claims as a Class will

benefit the parties and the Court.  The precise number of Class members should be readily available

from a review of Defendant's personnel and payroll records.

41.     *Commonality/Predominance:*   There is a well-defined community of interest

among Kentucky Class members and common questions of *both* law and fact predominate in the

action over any questions affecting individual members.   These common legal and factual

questions include, but are not limited to, the following:

> a.       Whether hours worked by the Kentucky Class members
> beginning at 6:00 PM through 5:59 AM must be
> compensated at an hourly rate of at least the minimum wage
> under the KHWA;
>
> b.       Whether all hours worked in excess of forty (40) in a
> workweek must be compensated at a rate of not less than one
> and one-half their regular rate of pay under the KHWA;
>
> c.       Whether Defendant violated the KHWA through its pay
> practices;

       d.               whether Defendants should be required to pay liquidated damages, attorneys' fees, costs, and interest for violating the KHWA; and

       e.               whether Defendants' violations of the KHWA were willful.

42.     *Typicality:*  Plaintiffs' claims are typical of those of the Kentucky Class in that Plaintiffs and all other members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices.  Plaintiffs' claims arise from the same Defendant's policies, practices, and course of conduct as all other Kentucky Class members' claims and Plaintiffs' legal theories are based on the same legal theories as all other Kentucky Class members: whether all Class members were employed by Defendant on an hourly basis without receiving compensation (1) for all hours worked at an hourly rate of at least minimum wage and (2) for all hours worked in excess of forty (40) during a workweek at the premium overtime rate.

43.     *Adequacy:*  Plaintiffs will fully and adequately protect the interests of the Kentucky Class and Plaintiffs retained national counsel who are qualified and experienced in the prosecution of nationwide wage-and-hour class actions.  Neither Plaintiffs nor their counsel have interests that are contrary to, or conflicting with, the interests of the Kentucky Class.

44.     *Superiority:*  A class action is superior to other available methods for the fair and efficient adjudication of the controversy, because, *inter alia*, it is economically infeasible Kentucky Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

45.     The case will be manageable as a class action.  Plaintiffs and their counsel know of no unusual difficulties in the case and Defendant has payroll systems that will allow the class,

wage, and damages issues in the case to be resolved with relative ease.  Because the elements of

Rule 23(b)(3), or in the alternative (c)(4), are satisfied in the case, class certification is appropriate.

*Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) ("[b]y its terms

[Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to

pursue her claim as a class action").

## **RETALIATION ALLEGATIONS**

46.     On or about December 2012, Plaintiff Richard Crawford complained to Defendant

about the "night shift" pay being under the minimum wage and not getting paid for all hours over

forty (40) at time-and-a-half in violation of the law.  Defendant told Plaintiff Richard Crawford

that someone would look into it.  Defendant eventually raised "night shift" pay rate from $3.00

per hour to $4.50 per hour due to Plaintiff Richard Crawford's complaint.

47.     After the "night shift" pay rate was increased to $4.50 per hour, Plaintiff Richard

Crawford, regularly and on numerous occasions, complained to Defendant about "night shift" pay

still remaining under the minimum wage and not getting paid for all hours over forty (40) at time-

and-a-half in violation of the law.  Defendant would always tell Plaintiff Richard Crawford that

someone was looking into it, but no changes were made.

48.     On or about July 2015, Plaintiff Richard Crawford again complained to Defendant

again about "night shift" pay being under the minimum wage and not getting paid for all hours

over forty (40) at time-and-a-half.  Plaintiff Richard Crawford demanded that he and Plaintiff

Rachael Crawford get paid in compliance with the law.  Additionally, on or about this same time

period, Plaintiff Richard Crawford and Plaintiff Rachael Crawford requested to not be scheduled

on August 1, 2015.  Both Plaintiffs were subsequently scheduled on August 1, 2015 and were then

written up for a "no call- no show" when they did not show up for their shifts on August 1, 2015.

49.48.

50.49.  As a result of Plaintiff Richard Crawford's attempt to protect his and Plaintiff

Rachael Crawford's rights to be properly compensated under the FLSA and the KHWA, Defendant

terminated both Plaintiff Richard Crawford and Plaintiff Rachael Crawford's employment on August 1, 2015 under the guise of the "no call- no show".

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT,
29 U.S.C. §§ 201, _et seq._, FAILURE TO MINIMUM WAGES**

51.50.  Plaintiffs re-allege and incorporate all previous paragraphs herein.

52.51.  At all times relevant to this action, Defendant was an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, _et seq_.

53.52.  Defendant is now and was at all time relevant, a county government within the Commonwealth of Kentucky, so the FLSA applies to this case on an enterprise basis.  29 U.S.C. § 203(s)(1)(C).

54.53.  At all times relevant to this action, Plaintiff Richard Crawford and Plaintiff Rachael Crawford were both individually each an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

55.54.  Plaintiffs either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

56.55.  The position of Emergency Medical Technician ("EMT") is not exempt from the FLSA.

57.56.  Defendant's other job titles performing similar job duties are not exempt from the FLSA.

58.57.  At all times relevant to this action, Defendant "suffered or permitted" Plaintiffs to work and thus "employed" them within the meaning of the FLSA, 29 U.S.C. § 203(g).

59.58.  The FLSA requires an employer to pay employees the federally mandated wages at

not less than $7.25 an hour.  29 U.S.C. § 206(a)(1).

60.59.  Defendant violated the FLSA by failing to pay Plaintiffs the federally mandated minimum wage rate for all hours per workweek.  *See e.g.* Exhibit D (noting "STIPSTANDBY" hours paid at $4.50 per hour for both Plaintiff Richard Crawford and Plaintiff Rachael Crawford).

61.60.  Upon information and belief, Defendant has corporate policies and practices of evading minimum wage pay for their hourly workers for all compensable time worked.

62.61.  Defendant's violations of the FLSA were knowing and willful.

63.62.  By failing to compensate Defendant's hourly workers at a rate not less than the federally mandated minimum wage for all hours worked in a workweek, Defendant has violated the FLSA, 29 U.S.C. §§ 201, *et seq*., including 29 U.S.C. §§ 206(a)(1) and 215(a).  All similarly situated employees are victims of uniform and company-wide policies which operate to compensate employees at a rate less than the federally mandated minimum wage rate.  These uniform policies, in violation of the FLSA, have been, and continues to be, applied to all employees who have worked or are working for Defendant in the same or similar position as Plaintiffs.

64.63.  The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid minimum wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

### COUNT II

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201, *et seq*., FAILURE TO PAY OVERTIME WAGES

65.64.  Plaintiffs re-allege and incorporate all previous paragraphs herein.

66.65.  At all times relevant to this action, Defendant was an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, *et seq*.

67.66.  Defendant is now and was at all times relevant, a county government within the

Commonwealth of Kentucky, so the FLSA applies to this case on an enterprise basis.  29 U.S.C. § 203(s)(1)(C).

68.67.  At all times relevant to this action, Plaintiff Richard Crawford and Plaintiff Rachael Crawford were both individually each an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

69.68.  Plaintiffs either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

70.69.  The position of Emergency Medical Technician ("EMT") is not exempt from the FLSA.

71.70.  Defendant's other job titles performing similar job duties are not exempt from the FLSA.

72.71.  At all times relevant to this action, Defendant "suffered or permitted" Plaintiffs to work and thus "employed" them within the meaning of the FLSA, 29 U.S.C. § 203(g).

73.72.  The FLSA requires an employer to pay employees "at a rate not less than one and one-half times the regular rate" at which they were employed *for all compensable time* for workweeks in excess of forty (40) hours.  29 U.S.C. § 207(a)(1).

74.73.  Defendant violated the FLSA by failing to pay Plaintiffs the premium overtime rate for all hours worked in excess of forty (40) per workweek.  *See e.g.* Exhibit D (noting (1) 55 total hours worked by Plaintiff Richard Crawford during the workweek of 10/27/2014 through 11/02/2014, but only 4 hours paid at the premium overtime rate and 11 hours in excess of 40 not paid at the premium overtime rate; (2) 57.5 total hours worked by Plaintiff Richard Crawford during the workweek of 01/05/2015 through 01/11/2015, but only 6.5 hours paid at the premium

overtime rate and 11 hours in excess of 40 not paid at the premium overtime rate; (3) 47 total hours worked by Plaintiff Richard Crawford during the workweek of 07/13/2015 through 07/19/2015, but zero hours paid at the premium overtime rate and 7 hours in excess of 40 not paid at the premium overtime rate; (4) 64 total hours worked by Plaintiff Rachael Crawford during the workweek of 05/25/2015 through 05/31/2015, but only 5 hours paid at the premium overtime rate and 11 hours in excess of 40 not paid at the premium overtime rate; and (5) 61 total hours worked by Plaintiff Rachael Crawford during the workweek of 07/20/2015 through 07/26/2015, but only 3 hours paid at the premium overtime rate and 18 hours in excess of 40 not paid at the premium overtime rate).

75.74.  Upon information and belief, Defendant has corporate policies and practices of evading overtime pay for their hourly workers for all compensable time worked.

76.75.  Defendant's violations of the FLSA were knowing and willful.

77.76.  By failing to compensate Defendant's hourly workers at a rate not less than one and one-half times the regular rate at which they were employed for all hours worked in excess of forty (40) in a workweek, Defendant has violated the FLSA, 29 U.S.C. §§ 201, *et seq*., including 29 U.S.C. §§ 207(a)(1) and 215(a).  All similarly situated employees are victims of uniform and company-wide policies which operate to compensate employees at a rate less than the premium overtime wage rate.  These uniform policies, in violation of the FLSA, have been, and continues to be, applied to all employees who have worked or are working for Defendant in the same or similar position as Plaintiffs.

78.77.  The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

## COUNT III

### (Kentucky Class Action)
### <u>VIOLATIONS OF THE KWHA</u>
### <u>FAILURE TO PAY MINIMUM WAGES</u>

187.    Plaintiffs re-allege and incorporate all previous paragraphs herein and further alleges as follows.

188.    The KWHA entitles employees to certain hourly minimum wages and requires employers to "pay each of his employees wages at a rate of not less than . . . seven dollars and twenty-five cents ($7.25) an hour."  KY. Rev. Stat. Ann. § 337.275.

189.    The KWHA entitles employees to bring a private action against "any employer who pays any employee less than wages and overtime compensation to which such employee is entitled" and the employer is liable to the employee "for the full amount of such wages and overtime compensation" and "an additional equal amount as liquidated damages, and for costs and . . . attorney's fees as may be allowed by the court."  KY. Rev. Stat. Ann. § 337.385(1).

190.    At all times relevant to the action, Defendant was an employer within the meaning of the KWHA.  *See* KY. Rev. Stat. Ann. § 337.010(1)(d).

191.    At all times relevant to the action, Plaintiffs were employees within the meaning of the KWHA.  *See* KY. Rev. Stat. Ann. § 337.010(1)(e).

192.    Defendant violated the KWHA by regularly and repeatedly failing to compensate Plaintiffs and the Kentucky Class at a rate not less than the minimum wage for the work performed during the "night shift" – hours beginning at 6:00 PM through 5:59 AM – as described in this Complaint.

193.    Defendant's actions were willful and not the result of mistake or inadvertence.  KY. Rev. Stat. Ann. § 337.385(2).

194.    As a result, Plaintiffs and the Kentucky Class have and will continue to suffer loss of income and other damages.  Accordingly, Plaintiffs and the Kentucky Class are entitled to recover unpaid wages owed, plus costs and attorney fees, and other appropriate relief under the KWHA at an amount to be proven at trial.

## COUNT IV

### (Kentucky Class Action)
### VIOLATIONS OF THE KWHA
### FAILURE TO PAY OVERTIME WAGES

187.    Plaintiffs re-allege and incorporate all previous paragraphs herein and further alleges as follows.

188.    The KWHA entitles employees to certain hourly overtime wages and requires employers to "any of his employees for a work week longer than forty (40) hours . . . at a rate not less than one and one-half (1-1/2) times the hourly wage rate at which he is employed."   KY. Rev. Stat. Ann. § 337.285.

189.    The KWHA entitles employees to bring a private action against "any employer who pays any employee less than wages and overtime compensation to which such employee is entitled" and the employer is liable to the employee "for the full amount of such wages and overtime compensation" and "an additional equal amount as liquidated damages, and for costs and . . . attorney's fees as may be allowed by the court."  KY. Rev. Stat. Ann. § 337.385(1).

190.    At all times relevant to the action, Defendant was an employer within the meaning of the KWHA.  See KY. Rev. Stat. Ann. § 337.010(1)(d).

191.    At all times relevant to the action, Plaintiffs were employees within the meaning of the KWHA.  See KY. Rev. Stat. Ann. § 337.010(1)(e).

192.    Defendant violated the KWHA by regularly and repeatedly failing to compensate Plaintiffs and the Kentucky Class at a rate not less than one and one-half times the hourly wage rate

at which they were employed for all work performed in excess of forty (40) hours per workweek, as described in this Complaint.

193.    Defendant's actions were willful and not the result of mistake or inadvertence.   KY. Rev. Stat. Ann. § 337.385(2).

194.    As a result, Plaintiffs and the Kentucky Class have and will continue to suffer loss of income and other damages.   Accordingly, Plaintiffs and the Kentucky Class are entitled to recover unpaid wages owed, plus costs and attorney fees, and other appropriate relief under the KWHA at an amount to be proven at trial.

**COUNT IV**

**(On Behalf of the Plaintiffs)**
**VIOLATIONS OF FLSA § 215(a)(3)**
**RETALIATION**

193.    Plaintiffs re-allege and incorporate all previous paragraphs herein and further alleges as follows.

194.    Section 15(a)(3) of the FLSA provides that it is a violation for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or cause to be instituted any proceedings under or related to this chapter".

195.    Retaliation requires a complaint to an employer "be sufficiently clear and detailed for a reasonable employer to understand it . . . as an assertion of rights protected by the statute and a call for their protection."  *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011).

196.    Here, Plaintiff Richard Crawford engaged in protected activity when he complained to Defendant, on numerous occasions, about illegal pay practices.   Specifically, on or about July

2015, Plaintiff Richard Crawford demanded that he and Plaintiff Rachael Crawford get paid in compliance with the law.

197.    Additionally, on or about July 2015, Plaintiff Richard Crawford and Plaintiff Rachael Crawford requested to not be scheduled on August 1, 2015.  Both Plaintiffs were subsequently scheduled on August 1, 2015 and were then written up for a "no call- no show" when they did not show up for their shifts on August 1, 2015.  As a result of Plaintiff Richard Crawford's complaints to Defendant in an attempt to protect his and Plaintiff Rachael Crawford rights to be properly compensated under the FLSA and the KHWA, Defendant terminated both Plaintiff Richard Crawford and Plaintiff Rachael Crawford's employment on August 1, 2015 under the guise of the "no call- no show".

198.    As a result of Defendant's retaliation, Plaintiffs have suffered and will continue to suffer damages.

**WHEREFORE**, Plaintiffs requests the following relief:

a.    Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b.    Certifying this case as a class action pursuant to Rule 23(b)(2) and (b)(3) with respect to the Kentucky state law claims set forth above;

c.    Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective Class members, and permitting Plaintiffs to send notice of this action to all similarly situated employees, including the publishing of notice in a manner that is reasonably calculated to apprise said employees of their rights by law to join and participate in this lawsuit;

d.    Designating Named Plaintiffs as the FLSA Collective Class Representatives;

e.    Designating Named Plaintiffs as the Kentucky Class Action Representatives;

f.    Appointing undersigned counsel as FLSA Collective Class counsel with respect to Plaintiffs' FLSA claims;

g.       Appointing undersigned counsel as Kentucky Class counsel with respect to Plaintiffs' Kentucky class action claims;

h.       Declaring that Defendant willfully violated the Fair Labor Standards Act and its attendant regulations as set forth above;

i.        Declaring that Defendant willfully violated the KWHA, and its attendant regulations as set forth above;

j.        Declaring that Defendant violated its obligations under the FLSA;

k.       Declaring that Defendant violated its obligations under the KWHA;

l.        Granting judgment in favor of Plaintiffs and against Defendant and awarding the difference between the amount of wages paid at a rate of under the minimum wage and the wage rate required – $7.25 – multiplied by all hours that Plaintiffs worked at under the minimum wage per week for the past three years for the FLSA class;

m.      Granting judgment in favor of Plaintiffs and against Defendant and awarding the difference between the amount of wages paid at a rate of under the minimum wage and the wage rate required – $7.25 – multiplied by all hours that Plaintiffs worked at under the minimum wage per week for the past five years for the Kentucky class;

n.       Granting judgment in favor of Plaintiffs and against Defendant and awarding the amount of unpaid overtime wages calculated at the rate of one and one-half (1.5) times the Plaintiff's regular rate multiplied by all hours that Plaintiff worked in excess of the prescribed number of hours per week for the past three years for the FLSA Class;

o.       Granting judgment in favor of Plaintiff and against Defendants and awarding the amount of unpaid overtime wages calculated at the rate of one and one-half (1.5) times the Plaintiff's regular rate multiplied by all hours that Plaintiff worked in excess of the prescribed number of hours per week for the past five years for the Kentucky Class;

p.       Awarding liquidated damages to Plaintiffs, in an amount equal to the amount of unpaid wages found owing to Plaintiffs and awarding Plaintiffs and the class members all other available compensatory damages available by law;

q.       Awarding damages in the form of lost wages, liquidated damages equal to lost wages, and front pay to Plaintiffs for Defendant's retaliation against them;

r.        Awarding reasonable attorneys' fees and costs incurred by Plaintiffs in filing this action as provided by statute;

s.        Awarding pre- and post-judgment interest to Plaintiffs on these damages; and

t.      Such further relief as this court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims asserted in this Complaint.

Dated: October 25, 2016              /s/Ronald E. Johnson, Jr.
                                     Ronald E. Johnson, Jr. (KY 88302)
                                     rjohnson@pschachter.com
                                     Schachter Hendy & Johnson, PSC
                                     909 Wright's Summit Parkway, Ste. #210
                                     Ft. Wright, KY 41011
                                     Ph: 859-578-4444
                                     Fax: 859-578-4440
                                     *Local Counsel for Plaintiff*

                                     And

                                     Molly E. Nephew
                                     MN Bar No. 0397607 *(Pro Hac Anticipated)*
                                     Jacob R. Rusch
                                     MN Bar No. 391892 *(Pro Hac Anticipated)*
                                     David H. Grounds
                                     MN Bar No. 0285742 *(Pro Hac Anticipated)*
                                     **JOHNSON BECKER, PLLC**
                                     444 Cedar Street, Suite 1800
                                     Saint Paul, Minnesota 55101
                                     Telephone: (612) 436-1800
                                     Fax: (612) 436-1801
                                     jrusch@johnsonbecker.com
                                     dgrounds@johnsonbecker.com
                                     mnephew@johnsonbecker.com

                                     *Trial Counsel for Plaintiffs*